2014-1287

# United States Court of Appeals
# for the Federal Circuit

SYNBIAS PHARMA,

*Plaintiff-Appellant*

v.

SOLUX CORPORATION,

*Defendant-Appellee.*

*Appeal from the United States District Court for the Southern District of California In Case No. 11-CV-03035, Judge Marilyn L. Huff.*

## BRIEF FOR PLAINTIFF-APPELLANT SYNBIAS PHARMA

Matthew B. Lowrie
Kevin M. Littman
Sven Riethmueller
FOLEY & LARDNER LLP
111 Huntington Avenue, Boston, MA 02199
P: (617) 342-4000
F: (617) 342-4001

*Attorneys for Plaintiff-Cross-Appellant
Synbias Pharma*

June 4, 2014

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellant Synbias Pharma certifies the following:

1.     The full names of every party or amicus represented by me are Synbias Pharma.

2.     The names of the real party in interest is Synbias Pharma.

3.     No parent corporations or any publicly held companies own 10 percent or more of the stock of Synbias Pharma.

4.     The names of all law firms and the partners and associates that have appeared for Synbias Pharma before the United States District Court for the Southern District of California or are expected to appear for Synbias Pharma are: Foley & Lardner LLP attorneys Matthew B. Lowrie, Kevin M. Littman, Nancy L. Stagg, and Sven Reithmueller; and former Foley & Lardner LLP attorney David Aveni.

# TABLE OF CONTENTS

*Page*

CERTIFICATE OF INTEREST .............................................................. i

TABLE OF AUTHORITIES .................................................................. iii

STATEMENT OF RELATED CASES .................................................1

STATEMENT OF JURISDICTION.....................................................2

STATEMENT OF THE ISSUE.............................................................3

STATEMENT OF THE CASE................................................................3

STATEMENT OF FACTS .....................................................................6

SUMMARY OF ARGUMENT ..............................................................8

STANDARD OF REVIEW ....................................................................8

ARGUMENT .........................................................................................9

    I.  Synbias Is the Prevailing Party ........................................9

    II.  The District Court's Legal Errors ..................................16

CONCLUSION .....................................................................................20

ADDENDUM

    January 7, 2014 Order Denying Parties' Cross Motions
    to Retax Costs (Docket No. 246)......................................A1

    September 4, 2013 Judgment (Docket No. 224) ..............A7

    August 30, 2013 Order Granting Synbias Motion for Summary Judgment......A8

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

*Page(s)*

## CASES

*Bellehumeur v. Bonnett*,
  127 Fed. Appx. 480 (Fed. Cir. Mar. 8, 2005).......................................15

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007) ...........................................................12

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*,
  393 F.3d 1378 (Fed. Cir. 2005) ...........................................................13

*Duty Free Int'l, Inc. v. United States*,
  88 F.3d 1046 (Fed. Cir. 1996) .............................................................15

*Farrar v. Hobby*,
  506 U.S. 103 (1992) ........................................................................ 9, 13

*Inland Steel Co. v. LTV Steel Co.*,
  364 F.3d 1318 (Fed. Cir. 2004) .............................................................8

*Intellectual Property Development, Inc. v. TCI Cablevision of
  California, Inc.*, 248 F.3d 1333 (Fed. Cir. 2001) ................................15

*Israel Bio-Eng'g Project v. Amgen, Inc.*,
  475 F.3d 1256 (Fed. Cir. 2007) .................................................... 10, 15

*Manildra Milling Corp. v. Henkel Corp.*,
  76 F.3d 1178 (Fed. Cir. 1996) ...................................................... 10, 11

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
  878 F. Supp. 1417 (D. Kan. 1995) ......................................................11

*Prima Tek II, LLC v. A-Roo Co.*,
  222 F.3d 1372 (Fed. Cir. 2000) ...........................................................15

*Quanta Computer, Inc. v. LG Electronics*,
  553 U.S. 617 (2008) .............................................................................11

*Shum v. Intel Corp.*,
  629 F.3d 1360 (Fed. Cir. 2010) .................................................................. *passim*

*Tavory v. NTP, Inc.*, 297 Fed. Appx. 986,
  2008 U.S. App. LEXIS 23092 (Fed. Cir. Oct. 28, 2008) .....................................16


## STATUTES AND RULES

17 U.S.C. § 408 ...........................................................................................16

17 U.S.C. § 505 ...........................................................................................15

Fed. R. Civ. P. 54(d)(1) ......................................................................... 9, 16

**STATEMENT OF RELATED CASES**

Pursuant to Fed. Cir. Rule 47.5, Synbias Pharma ("Synbias") certifies that no other appeal in or from this action has previously been before this or any other appellate court.  Synbias is aware of no cases pending before this or any other court that will directly affect or be directly affected by this Court's decision in this appeal.

The parties are currently engaged in a another case, *Synbias Pharma v. Solux Corporation, Dmitry Itkin, Aleksandr Itkin, and Does 1 through 20*, Case No. 37-2011-00092961-CU-BC-CTL (Super. Ct. of Cal., County of San Diego, Central Division), but nothing in that case will directly affect or be directly affected by this Court's decision in this appeal.

## STATEMENT OF JURISDICTION

The district court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over this patent infringement action.

The district court entered final judgment in this action on September 4, 2013.  (A7.)  Solux filed its appeal notice on September 24, 2013.  (A295.)  That matter was assigned Case No. 13-1672.

After each party moved for costs, the district court entered its Order Denying Parties' Cross Motions to Retax Costs on January 7, 2014 ("Costs Order").  (A1-6.)  Synbias filed its appeal notice of the Costs Order on February 6, 2014.  (A314.)  That matter was assigned Case No. 14-1287.

Solux moved to voluntarily dismiss Case No. 13-1672 on March 25, 2014 (Dkt. 27), and this Court granted the dismissal on April 24, 2014.  (Dkt. 37.)

This Court has exclusive appellate jurisdiction over this cross-appeal, Case No. 14-1287, pursuant to 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUE

Was Synbias a prevailing party under Fed. R. Civ. P. 54(d), when Synbias prevailed on its motion for summary judgment that Synbias is at least a co-owner of the patents-in-suit, resulting in the dismissal of Solux's infringement counterclaims for lack of prudential standing and allowing Synbias to manufacture (and its customers to sell) the accused products free from Solux's threats of patent infringement?

## STATEMENT OF THE CASE

After Synbias and its customers received emails and letters from Solux asserting that Synbias had no rights to certain patents and accusing Synbias and its customers of infringement, Synbias filed a complaint in the District Court for the Southern District of California. (A51-117.) The complaint included declaratory judgment claims of non-infringement, invalidity and unenforceability of U.S. Patent Nos. 7,485,707 ("the '707 patent"), 7,388,083 ("the '083 patent") and 7,053,191 ("the '191 patent") (collectively, "the patents-in-suit"). (A56-68.) In its answer, Solux brought counterclaims asserting infringement of the patents-in-suit. (A132-136.)

On November 7, 2012, Solux filed a motion for summary judgment asserting that the doctrine of assignor estoppel barred Synbias from contesting the validity of

the patents-in-suit.  (Solux Motion for Partial Summary Judgment (Doc. 40).)

Synbias opposed, and argued that the doctrine was inapplicable because Synbias

was at least a co-owner of the patents-in-suit.  (Synbias Opp. to Motion for Partial

Summary Judgment (Doc. 61).)  Synbias also requested a *sua sponte* summary

judgment ruling dismissing Solux's infringement counterclaims for lack of

standing.  (Synbias Proposed Sur-Reply in Opp. to Solux Motion for Partial

Summary Judgment (Doc. 86-1) pp. 1-2.)  The district court denied Solux's motion

and to address the ownership issue, also ordered Synbias to separately file a motion

for summary judgment that it was at least a co-owner.  (Order Denying Motion for

Partial Summary Judgment (Doc. 99) pp. 8:26-28 & 9:2-15.)

On February 4, 2013, Synbias filed its motion for summary judgment that it

is at least a co-owner of the patents-in-suit.  (A140-172.)  On August 30, 2013, the

district court granted Synbias's motion, finding that Synbias is at least a co-owner

of the patents-in-suit.  (A8-21.)  On September 4, 2013, the district court entered

judgment, dismissing Solux's counterclaims for lack of standing and also

dismissing Synbias's claims for lack of subject matter jurisdiction after

determining that the co-ownership finding meant that Synbias no longer faced any

threats of legal action made by Solux.  (A7; A19-20.)

Solux filed its appeal notice on September 24, 2013.  (A296.)  That matter

was assigned Case No. 13-1672.

After each party moved for costs, the district court entered its Order Denying Parties' Cross Motions to Retax Costs on January 7, 2014 ("Costs Order"). (A1-6.) Synbias filed its appeal notice of the Costs Order on February 6, 2014. (A314-16.) That matter was assigned Case No. 14-1287.

Solux moved to voluntarily dismissal Case No. 13-1672 on March 25, 2014 (Dkt. No. 27), and this Court granted the dismissal on April 24, 2014. (Dkt. 32.)

This cross-appeal addresses only the Costs Order.

## STATEMENT OF FACTS

Synbias is a Ukrainian company that manufactures anthracycline antibiotics, which are a class of drugs used to treat cancers. (A53, ¶ 6.) The patents in this case concern certain methods of manufacturing and composition of matter claims about certain anthracyclines. (A73-102.)

As described in the complaint, in 2010, Solux threatened Synbias and Synbias's customers with patent infringement in a number of letters and emails. (A55, ¶¶ 14-16; A102-117, Exs. D-F.) Solux's threats included an allegation that "Synbias has absolutely NO rights in or to the intellectual property [patents] relating to the accused products …." (A55, ¶ 16; A110, Ex. F.) In response to these threats, Synbias filed a lawsuit against Solux on December 28, 2011, which included declaratory judgment counts for non-infringement, invalidity and unenforceability of U.S. Patent Nos. 7,485,707 ("the '707 patent"), 7,388,083 ("the '083 patent") and 7,053,191 ("the '191 patent") (collectively "patents-in-suit"). (A56-68.) In its answer, Solux brought counterclaims asserting that Synbias infringed the patents-in-suit. (A132-136.)

In the course of opposing a motion for partial summary judgment brought by Solux on the issue of alleged assignor estoppel, Synbias argued that it was at least a co-owner of the patents-in-suit, and after denying Solux's motion, the court ordered Synbias to file a separate summary judgment motion on the co-ownership issue, rather than addressing the issue on a *sue sponte* basis. (Order Denying Motion for Partial Summary Judgment without Prejudice (Doc. 99) p. 9:2-15.) The

Court also ordered the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (*Id.* at 9:16-10:11.)

Synbias therefore moved for summary judgment that it is at least a co-owner of the patents-in-suit and that Solux therefore did not have standing to bring its infringement counterclaims. (A140-172.) After discovery and briefing, the district court granted Synbias's motion, finding that Synbias was at least a co-owner of the patents-in-suit. (A8-21.) The district court dismissed Solux's infringement counterclaims for lack of standing. (A19-20.) The district court also dismissed Synbias's claims for lack of subject matter jurisdiction, finding that the parties no longer had any adverse legal interests after the district court's co-ownership determination because Solux could no longer threaten to bring suit against Synbias without joining Synbias as a plaintiff against itself. (A20.) The district court then entered judgment dismissing all claims. (A7.)

Both parties submitted bills of costs (A233-236) and objections to each other's bills of costs (A237-249). The Assistant Courtroom Deputy Supervisor taxed certain costs in favor of Solux. (A250-253.) Both parties then filed motions to re-tax costs (A254-267) and further briefed those motions (A268-295).

On January 7, 2014, the district court issued an order declining to award costs to either party. (A1-6.)

## SUMMARY OF ARGUMENT

Because Synbias prevailed on its summary judgment motion, it should have been found to be the "prevailing party" under Fed. R. Civ. P. 54(d) and is therefore entitled to recovery of its costs. The district court's determination that Synbias is at least a co-owner of the patents-in-suit, and therefore that Solux did not have standing to assert its infringement counterclaims, was a victory for Synbias that materially altered the relationship between the parties by modifying Solux's behavior. Solux can no longer threaten Synbias and its customers with legal action based on alleged infringement. Synbias can make and sell its anthracycline antibiotics, and its customers can sell the antibiotics, free from risk of infringement.

## STANDARD OF REVIEW

"Determination of the prevailing party is a question of law reviewed de novo." *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010) (citing *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004)).

## **ARGUMENT**

### I.    **Synbias Is the Prevailing Party**

Having won the summary judgment motion, in which the district court found that Synbias is at least a co-owner of the patents-in-suit, Synbias cannot be found to infringe the patents-in-suit and Synbias's customers can no longer be sued by Solux for patent infringement (unless Sybias were to join as a co-plaintiff, which it will not for obvious reasons).  Synbias can make and sell its anthracyline antibiotics, and its customers can sell the anthracyclines, free from Solux's threats of patent infringement.  Synbias therefore was the "prevailing party" in this case.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in relevant part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).  The Supreme Court has held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *see also Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) ("Th[e] relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party.").  The determination

9

of which party is the "prevailing party" is a matter of Federal Circuit law.  *See*

*Manildra Milling Corp. v. Henkel Corp.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996).

      The merits of Synbias's claim, as set forth in the summary judgment motion,

was that it is at least[1] a co-owner of the patents-in-suit, and therefore did not

infringe the patents-in-suit and could not be sued for infringement by Solux

because Solux did not have standing.  *See Israel Bio-Eng'g Project v. Amgen, Inc.*,

475 F.3d 1256, 1264 (Fed. Cir. 2007) ("Where one co-owner possesses an

undivided part of the entire patent, that joint owner must join all the other co-

owners to establish standing.").  By prevailing on that motion, the legal

relationship between Synbias and Solux was materially altered to Synbias's

benefit.  Prior to this action, Solux was threatening Synbias and its customers with

allegations of infringement.  These threats, including Solux's allegation that

Synbias had no rights in the patents-in-suit,[2] prompted Synbias to file its

declaratory judgment complaint.  Following the district court's ruling, Synbias and

---

[1] Synbias uses the phrase "***at least*** a co-owner" because an open issue in the state court litigation between the parties is whether Solux has any ownership interest in the patents-in-suit.  In the state court case, Synbias asserts that it should be the sole owner of the patents-in-suit based on fraud committed by Solux, among other things.  (*See* Cohen Decl. dated July 19, 2013 (Doc. 146), Ex. 22, ¶¶ 51, 55, 60, 90, 94.)  In this case, proving co-ownership was sufficient to defeat Solux's infringement claims and gain the ability to operate free of Solux's infringement allegations.

[2] In its counterclaims, Solux continued to claim that it was the exclusive owner of the patents-in-suit.  (A132, ¶ 103; A134, ¶ 110; A135, ¶ 116.)

its customers are now free from those threats because Solux can no longer claim to have the right to enforce the patents-in-suit against Synbias or its customers.[3]

The *Manildra Milling* case is instructive. There, the declaratory judgment plaintiff was found to be the prevailing party because it obtained a declaration of invalidity of several patents, which meant that it could now "use its production process free from risk of infringement and without the necessity of obtaining a license," which "provide[d] [plaintiff] significant latitude with respect to one of its competitors." *Manildra Milling*, 76 F.3d at 1183 (quoting *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 878 F. Supp. 1417, 1425 (D. Kan. 1995)). The court reasoned: "A judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties. The patentee no longer can enforce his patent against the would-be infringer litigant, or any other would-be infringer." *Id.*

Like the accused infringer in *Manildra Milling*, because of the district court's holding that it is a co-owner, Sybnias is now free from Solux's allegations that it has a right to exclude and enforce the patents. Synbias can now use its

---

[3] Synbias's customers cannot be sued for infringement by Solux not only because Synbias will not, for obvious reasons, join such a lawsuit, but also because Synbias's authorized sales of its products terminates all patent rights to those particular products that are sold. *See Quanta Computer, Inc. v. LG Electronics*, 553 U.S. 617, 625 (2008) ("The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item.").

11

production process and sell its products to its customers (who in turn can sell Synbias's products) free from risk of infringement threats and without the necessity of obtaining a license from Solux.

Although the district court also dismissed Synbias's declaratory judgment claims, this does not make Solux a prevailing party. The district court held that because it found Synbias to be at least a co-owner of the patents, Solux lacked standing to assert its claims of infringement, which, in turn, meant that Solux's prior threats of legal action were removed, according to the district court.[4] (A20.) The removal of the threats of legal action by Solux is what Synbias sought in the litigation. (*See* A56, ¶ 19 ("Synbias desires to make and sell its anthracycline antibiotics free from the specter of Solux's allegations of infringement of the Patents-In-Suit.") The dismissal of Synbias's declaratory judgment claims of non-infringement and invalidity therefore did not alter the legal relationship between

---

[4] The district court apparently determined that although a case or controversy existed at the time the declaratory judgment complaint was filed, when Solux had made infringement allegations and had asserted it was the sole owner of the patents-in-suit, the district court's holding on co-ownership meant that a case or controversy no longer existed. *See, e.g., Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344, 1347-48 (Fed. Cir. 2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since"; finding no case or controversy where patentee withdrew its infringement claims and covenanted not to sue the defendant for future acts).

Solux and Synbias in a manner that "directly benefit[ed]" Solux. *Farrar*, 506 U.S. at 111-12.

To the contrary, even the dismissal of Synbias's declaratory judgment claims demonstrates Solux's loss. Again, the dismissal of those claims was based on the fact that, according to the district court, there was no longer any "underlying legal cause of action that Solux could have brought or threatened to bring" and thus "the parties no longer have adverse interests." (A20 at lines 16-18.) The district court recognized that prior to its ruling on the merits of the ownership issue, the parties **had adverse legal interests**. (*Id.* at lines 18-20.) The ruling caused that to change, and that change materially altered the relationship between the parties and Solux's behavior in a way that benefited only Synbias because Synbias and its customers are now free from threats of legal action by Solux. For Synbias, the dismissal of its declaratory judgment claims was an irrelevant outcome because it gained freedom from Solux's threats of legal action despite the dismissal of those claims.

As this Court has explained, "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). In *Brooks*, the plaintiff filed a request for declaratory judgment of non-infringement and invalidity, and the defendant filed counterclaims of infringement and deceptive

trade practices. *Id.* at 1379-80. The plaintiff prevailed only on the non-infringement claims, and the parties stipulated to the dismissal of all other claims. *Id.* at 1380. Despite the dismissal of all of the other claims, the court still determined that the plaintiff was the prevailing party because it succeeded in its initial aim of preserving its ability to make the allegedly infringing product. *Id.* at 1381. Here, Synbias, as a drug manufacturer, had the same goal of being able to continue to make and sell (and have its customers continue to sell) the allegedly infringing products, and it achieved that goal by prevailing on the summary judgment motion finding it to be at least a co-owner of the patents-in-suit.

Solux will likely argue, as it did to the district court (A273 at lines 1-13), that because Synbias's claims were dismissed on the basis of lack of subject matter jurisdiction, Synbias cannot be a prevailing party. Solux is wrong for at least two reasons.

First, Solux's argument fails to account for the fact that Synbias prevailed in having Solux's infringement counterclaims dismissed. As just explained, the prevailing party determination is based on achieving the objective of the litigation, not on a count of the number of claims and defenses. And, to be clear, Solux's infringement counterclaims were ***not*** dismissed on the basis of lack of ***subject matter jurisdiction***. Rather, they were dismissed for lack of ***prudential standing*** by Solux to bring such claims without joining the co-owner of the patents-in-suit,

Synbias. (A20 at lines 1-2, citing *Israel Bio-Eng'g*, 475 F.3d at 1264.) This was not a jurisdictional ruling. The rule requiring all owners of a patent to join in a patent infringement lawsuit is a rule of prudential standing and thus is not jurisdictional, unlike constitutional standing. *See, e.g., Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) (holding that the requirement of joining all co-owners in an infringement complaint is prudential, not constitutional); *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1348 (Fed. Cir. 2001) (finding that the rule requiring an exclusive licensee having fewer than all substantial rights to join the patent owner in the lawsuit is prudential, not constitutional); *Bellehumeur v. Bonnett*, 127 Fed. Appx. 480, 483-84 (Fed. Cir. Mar. 8, 2005) (unpublished) (differentiating between constitutional and prudential standing); *Duty Free Int'l, Inc. v. United States*, 88 F.3d 1046, 1048 (Fed. Cir. 1996) (noting that a standing issue other than whether there is a "case or controversy" under Article III is not jurisdictional). For this reason also, Synbias's victory in having Solux's counterclaims dismissed based on lack of prudential standing does not prevent Synbias from being the "prevailing party."

Second, in any event, a dismissal based on lack of subject matter jurisdiction does not prevent Synbias from being the "prevailing party." As this Court has explained in interpreting the term "prevailing party" in 17 U.S.C. § 505, which

applies the same standard as Fed. R. Civ. P. 54(d), "some dismissals for want of jurisdiction do effectively alter the legal relationship of the parties." *See Tavory v. NTP, Inc.*, 297 Fed. Appx. 986, 989-90, 2008 U.S. App. LEXIS 23092, *7-9 (Fed. Cir. Oct. 28, 2008). In *Tavory*, the district court found lack of subject matter jurisdiction based on the plaintiff's delivery of an invalid reconstruction of the work to be copyrighted with the Copyright Office, as required under 17 U.S.C. § 408. *Id.* at *3-4. The Federal Circuit reasoned that this was equivalent to a decision on the merits because the finding meant that the plaintiff could not ever succeed on a copyright infringement claim against the defendant. *Id.* at *9-10. Here, likewise, even if it were based on lack of subject matter jurisdiction, the district court's ruling on co-ownership of the patents-in-suit is effectively a ruling on the merits because it means that Solux cannot ever succeed on a patent infringement claim against Synbias or Synbias's customers.

In short, Synbias was the prevailing party.

## II.    The District Court's Legal Errors

The district court made a few errors that lead to its incorrect finding that Synbias was not the prevailing party.

First, the district court interpreted *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010), as holding that a determination of co-ownership can never alter the parties' legal relationship. (A5-6, at 5:10-6:6.) Initially, this is a misinterpretation

16

of *Shum* because the Federal Circuit in *Shum* evaluated whether a victory on the issue of co-inventorship, not co-ownership, made the plaintiff a prevailing party. *Id.* at 1368. Co-inventorship and co-ownership are different concepts with potentially very different implications for the parties, as was the case in *Shum*, as discussed below.

More fundamentally, the district court missed the Federal Circuit's holding and overall analysis in *Shum*. The Federal Circuit found that even though the plaintiff's co-inventorship victory was material, it did not modify the defendant's behavior in a way that directly benefitted the plaintiff. Based on an earlier liquidation plan between the plaintiff and one of the defendants, Verdiell, the plaintiff already had a right to exploit the technology and thus gained nothing additional by being listed as a co-inventor. *Id.* at 1369. Similarly, the co-inventorship victory did not give the plaintiff any competitive advantage with respect to the other defendants, Intel or LightLogic, because they were already co-owners of the patents and thus already had the right to make, use, license, offer to sell or sell the inventions, with or without the plaintiff's consent. *Id.*

The "victory" of the plaintiff in *Shum*, therefore, bears no resemblance to Synbias's victory. The behavior of the defendants in *Shum* was not altered at all. In contrast, the behavior of Solux was materially altered because it can no longer

17

threaten Synbias or its customers with infringement allegations and legal action and cannot pursue such action either.

The other major difference between *Shum* and the present case is that while the plaintiff in *Shum* won on some co-inventorship claims, he lost on all of the other numerous claims, which were at the heart of the lawsuit, including losses on claims for conversion, rescission, negligent misrepresentation, intentional interference with contractual relations, successor liability for failure to state a claim, breach of fiduciary duty, fraudulent concealment, intentional misrepresentation, unjust enrichment, breach of contract, and correction of inventorship of certain other patents. *Id.* at 1368. As a result, the defendants were not required to pay the $409 million dollars the plaintiff sought in damages and restitution. *Id*.

Here, unlike the defendants in *Shum*, Solux did not achieve any similar relative victory. Solux lost the summary judgment motion, was found to not be the sole owner of the patents-in-suit, and therefore can no longer sue Synbias or its customers alleging infringement or continue to make any such threats of legal action. Solux did not avoid any claim for money damages. Synbias did. Plainly, the facts in *Shum* are not applicable to this case, and to the extent they are, Synbias is in a position similar to the defendants, not the plaintiff, in *Shum*.

Finally, the district court also missed the holding in *Shum* that "[a] court must choose one, and only one, 'prevailing party' to receive any costs award." *Id.* at 1367. The district court found that neither Synbias nor Solux was a prevailing party, but *Shum* requires the district court to pick one party as the prevailing party. In this instance, Synbias is plainly the party that should have been picked.

## CONCLUSION

For the above reasons, Synbias respectfully asks the Court to reverse the district's court decision finding that Synbias was not a prevailing party and remand the matter to the district court to determine the amount of costs that should be awarded to Synbias.

Respectfully submitted,


/s/ Kevin M. Littman
Matthew B. Lowrie
Kevin M. Littman
Sven Riethmueller
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: (617) 342-4000
Fax: (617) 342-4001

Dated: June 4, 2014

*Attorneys for Plaintiff-Cross-Appellant*
*Synbias Pharma*

CASE PARTICIPANTS ONLY
Case: 14-1287 Document: 6 Page: 26 Filed: 06/04/2014

# ADDENDUM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNBIAS PHARMA,<br><br>          Plaintiff/Counterdefendant,<br><br>vs.<br><br>SOLUX CORPORATION,<br><br>          Defendant/Counterclaimant. | CASE NO. 11-CV-3035-H (JMA)<br><br>**ORDER DENYING PARTIES' CROSS MOTIONS TO RETAX COSTS**<br><br>[Doc. Nos. 237, 238, 239, & 243.] |

On August 30, 2013, the Court dismissed Defendant Solux's counterclaims for lack of standing and dismissed Synbias's complaint for lack of subject matter jurisdiction. (Doc. No. 223). On November 13, 2013, the Clerk of the Court issued an order awarding $7,766.35 in costs to Solux. (Doc. No. 236, Order Taxing Costs, at 1.) On November 20, 2013, Synbias filed a motion to retax costs. (Doc. No. 237.) On the same day, Solux filed a motion to retax costs. (Doc. No. 238.) On November 15, 2013, Solux filed a cross-motion to retax costs in opposition to Synbias's motion pursuant to Civil Local Rule 54.1(h)(2). (Doc. No. 239.) On December 30, 2013, Synbias filed its opposition to Solux's motion. (Doc. No. 242.) On December 31, 2013, Solux filed its opposition to Synbias's motion. (Doc. No. 244.) The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), concludes that resolution of the motion does not require oral argument. The Court therefore vacates the scheduled hearing and submits

- 1 -

**– A1 –**

1   the motion on the parties' papers.  The Court vacates the award of costs to Solux and
2   denies both parties' motions to retax costs.

3                                        **Background**

4        This is a patent infringement action involving patents that claim inventions
5   relating to methods of producing anthracycline antibiotics–compounds that are used
6   as first-line chemotherapy drugs for treating a range of cancers.  (Doc. No. 46 ¶4.)
7   Synbias is a Ukranian company that manufactures and produces various active
8   pharmaceutical ingredients, including anthracycline antibiotics.  (Doc. No. 77-7 ¶5.)
9   The patents-in-suit list three Synbias employees as inventors:  Victor Matvienko;
10  Alexey Matvyeyev; and Alexander Zabudkin (collectively "The Synbias Inventors").
11  (Doc. No. 1, Exs. A-C.)  The fourth listed inventor is Aleksandr Itkin ("A. Itkin"), an
12  executive of Solux.  (Id.)

13       On June 16, 2011, Synbias filed a lawsuit in California Superior Court in San
14  Diego County against Solux and two of its executives, Dmitry Itkin ("D. Itkin") and
15  his brother A. Itkin, alleging causes of action for breach of contract, fraud, and breach
16  of fiduciary duty, among others.  (Doc. No. 209-30 ("State Second Amend. Compl."
17  or "State SAC") ¶¶47-59.)  A central issue in the state action is whether Solux owns
18  the patents-in-suit.  The patents-in-suit list Solux as the owner by assignment, (Doc.
19  No. 1, Exs. A-C,) but Synbias alleges that Solux fraudulently induced the Synbias
20  inventors to assign their rights to Solux.  (State SAC ¶¶56-59.)

21       On December 29, 2011, Synbias filed a complaint in this Court seeking a
22  declaratory judgment of non-infringement of the patents-in-suit and a declaratory
23  judgment that the patents-in-suit are invalid and unenforceable.  (Doc. No. 1, Compl.)
24  After the Court denied Solux's motion to dismiss the declaratory judgment claims for
25  lack of jurisdiction on March 26, 2012, Solux filed an answer and asserted
26  infringement counterclaims.  (Doc. Nos. 17, 19.)  On November 7, 2012, Solux filed
27  a motion for partial summary judgment, arguing that Synbias either is estopped under
28  the doctrine of assignor estoppel or lacks standing to assert its declaratory judgment

- 2 -

**– A2 –**

1    claims that the patents-in-suit are invalid and unenforceable.  (Doc. No. 40.)  On

2    January 17, 2013, the Court denied Solux's motion "without prejudice to Solux

3    renewing its motion after the development of a more complete record."  (Doc. No. 99

4    at 11.)  The Court also ordered the parties to show cause why the case should not be

5    dismissed for lack of subject matter jurisdiction given Synbias's position that it is at

6    least a co-owner of the patents-in-suit. (Id. at 10 (citing Israel Bio-Engineering Project

7    v. Amgen, Inc., 475 F.3d 1256, 1264 (Fed. Cir. 2007) ("Where one co-owner possesses

8    an undivided part of the entire patent, that joint owner must join all the other co-owners

9    to establish standing.")).)  Synbias filed its summary judgment motion on February 4,

10   2013.  (Doc. No. 103.)  On August 30, 2013, the Court dismissed Defendant Solux's

11   counterclaims for lack of standing and dismissed Synbias's complaint for lack of

12   subject matter jurisdiction.  (Doc. No. 223.)

13                                **Discussion**

14   **I.    Legal Standard**

15          Federal Rule of Civil Procedure 54 allows a court to award costs to the

16   prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a

17   court order provides otherwise. Fed. R. Civ. P. 54(d)(1).  For taxing costs under Rule

18   54(d) in patent litigation, the Federal Circuit has outlined a two-part inquiry based on

19   its interpretation of Supreme Court precedent Farrar v. Hobby, 506 U.S. 103, 113 S.

20   Ct. 566 (1992): first, the district court must determine as a threshold matter whether the

21   party seeking costs is the "prevailing party"; second, the court uses its discretion to

22   determine what amount it should award, if any.  Manildra v. Ogilvie Mills, 76 F.3d

23   1178, 1183 (Fed. Cir. 1996) (citing Farrar, 113 S. Ct. at 573).  Courts apply Federal

24   Circuit law when undertaking step one, and regional circuit law under step two.

25   Manildra, 76 F.3d at 1182-83.

26          In step one, "determining whether a party is a prevailing party in patent litigation,

27   we apply the general principle that to be a prevailing party, one must receive at least

28   some relief on the merits, which alters . . . the legal relationship of the parties."  Inland

1    Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004) (internal quotation
2    marks omitted).  Such alteration must also be material and modify the parties' behavior
3    in a way that directly benefits the prevailing party.  Shum v. Intel Corp., 629 F.3d 1360,
4    1368 (Fed. Cir. 2010) (citing Manildra, 76 F.3d at 1182).  Furthermore, a court's
5    determination must be "based on the relation of the litigation result to the overall
6    objective of the litigation, and not on a count of the number of claims and defenses."
7    Brooks Furniture Mfg., Inc. v. Dutailier, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005)
8    (citing Tex. State Teachers Ass'n. v. Garland Independent Sch. Dist., 489 U.S. 782,
9    789 (1989)).  In step two, a district court may refuse to award costs to a prevailing
10   party, but must specify valid reasons for doing so.  Ass'n of Mexican-American
11   Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (presenting a
12   non-exhaustive list of valid reasons for a district court to deny costs).[1]

13   **II. Analysis**

14        Synbias and Solux each claim to be the prevailing party in this action.  (See Doc.
15   Nos. 237, 238.)  "To be a 'prevailing party,' our precedent requires that the party have
16   received at least some relief on the merits."  Shum, 629 F.3d at 1367.  Such relief must
17   be material and modify the parties' behavior in a way that directly benefits the
18   prevailing party.  Id. at 1368.

19        The Court must begin the inquiry by comparing the result of the litigation "to the
20   overall objective of the litigation."  Brooks Furniture, 393 F.3d at 1381.  Synbias's
21   overall objective was to achieve a declaratory judgment of non-infringement of the
22   patents-in-suit and a declaratory judgment that the patents-in-suit are invalid and
23   unenforceable.[2]  (Doc. No. 1, Compl.)  Solux's overall objective was to win on its

24   _____

25        [1]Because the Court determines that neither party was a "prevailing party" within
26   the meaning of Farrar, it does not reach step two.

27        [2]Synbias's memorandum in support of its motion to retax costs states that the
     Court's order dismissing its case "is what Synbias sought in the litigation." (Doc. No.
     237-1 at 7 (emphasis omitted).)  The Court is not persuaded that the party's "overall
28   objective" in filing its declaratory judgment action was to have its declaratory judgment

1    asserted counterclaims for patent infringement. (Doc. No. 19.) The Court did not

2    award either party what it sought. The Court ruled that Solux did not have standing to

3    pursue what it sought in federal court, and ruled that the Court lacked jurisdiction to

4    give Synbias what it sought. (Doc. No. 223.) The record reveals that the essence of

5    the dispute between these parties – whether Solux owns the patents-in-suit, and

6    whether Synbias's claims for breach of contract, fraud, and breach of fiduciary duty are

7    valid – remain pending in state court. (See Doc. No. 239-1 at 4 ("The issue of

8    [Solux's] ownership was – and still is – being litigated in the Superior Court of

9    California, Case No. 37-2011-00092961-CU-BT-CTL.").)

10        The Court did determine that "[t]he record does not reveal any writing purporting

11    to assign Synbias' ownership rights to the inventors," and that because assignments of

12    patent interests must be in writing under both U.S. and Ukranian law, "Synbias

13    remained at least a co-owner of the patents-in-suit." (Doc. No. 223.) Synbias argues

14    that this determination altered the parties' legal relationship within the meaning of

15    Farrar. Federal Circuit law is to the contrary. In Shum v. Intel Corp., the Federal

16    Circuit construed Farrar in reviewing a district court's final judgment that entitled

17    Plaintiff "to be named as a co-inventor for claims in five of the seven patents-in-suit,"

18    but entitled him to none of the other relief he sought, including monetary damages.

19    Shum, 629 F.3d at 1363. The Federal Circuit reasoned that, although the Plaintiff's

20    "victory on his co-inventorship claims changes the names appearing on those patents,

21    it has not materially altered the legal relationship among the parties." Id. at 1364. The

22    Federal Circuit continued, "[T]he question of inventorship was not the 'central issue'

23    in the case . . . . [T]his case was about the money." Id. at 1369. The Federal Circuit

24    reasoned that only a damage award or "equivalent gain" such as "an injunction,

25    declaration of patent invalidity, or judgment of infringement" would meet the Farrar

26    test. Id. Accordingly, the Federal Circuit held that a determination of co-ownership,

27

28    _____

    claims dismissed for lack of jurisdiction. See Brooks Furniture, 393 F.3d at 1381.

1  without more, "has not modified defendants' behavior in a way that significantly

2  benefits [Plaintiff] Shum." Id. at 1370.  Similarly, the Court's conclusion that Synbias

3  was at least a co-owner of the patents-in-suit, and its dismissal of every other claim

4  presented before it, has not modified either party's behavior in a way that significantly

5  benefits the other.  Accordingly, neither is a "prevailing party" within the meaning of

6  Farrar.

7  **<u>Conclusion</u>**

8          Under the unique facts and procedural posture of this case, and in light of <u>Farrar</u>,

9  the Court concludes that there is no prevailing party to this litigation.  The Court denies

10  both motions to retax costs and vacates the Clerk's award of costs to Solux.  The

11  parties will bear their own costs, expenses, and attorneys' fees associated with the

12  prosecution and defense of this action.

13          **IT IS SO ORDERED**.

14  Dated: January 7, 2014

15

16  MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

AO 450 Judgment in a Civil Case

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

SYNBIAS PHARMA,

        Plaintiff/Counterdefendant,

**V.**

SOLUX CORPORATION,

        Defendant/Counterclaimant.

**JUDGMENT IN A CIVIL CASE**

**CASE NUMBER:**    11-cv-3035-H (JMA)

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒   **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

The Court dismisses Solux's counterclaims for lack of standing and dismisses Synbias' complaint for lack of subject matter jurisdiction.

| | |
|---|---|
| September 4, 2013 | W. Samuel Hamrick, Jr. |
| Date | Clerk |
| | s/ S. Yaptangco |
| | (By) Deputy Clerk |
| | ENTERED ON September 4, 2013 |

11-cv-3035-H (JMA)

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SYNBIAS PHARMA,                          CASE NO. 11-CV-3035-H
                                              (JMA)
12              Plaintiff/Counterdefendant,
                                              **ORDER DISMISSING**
13      vs.                                   **SOLUX'S INFRINGEMENT**
                                              **COUNTERCLAIMS FOR**
14                                            **LACK OF STANDING; and**

15                                            **ORDER DISMISSING CASE**
     SOLUX CORPORATION,                       **FOR LACK OF SUBJECT**
16                                            **MATTER JURISDICTION**
                Defendant/Counterclaimant.
17                                            [Doc. No. 40.]

18

19

20          On February 4, 2013, Synbias Pharma ("Synbias") filed a motion for summary

21   judgment on Solux Corporation's ("Solux") counterclaims of infringement of U.S.

22   Patents 7,053,191 ("the '191 patent"), 7,485,707 ("the '707 patent"), and 7,388,083

23   ("the '083 patent") (collectively "the patents-in-suit").  (Doc. No. 103.)  On July 19,

24   2013, Solux filed an opposition.  (Doc. No. 149.)  On August 12, 2013, Synbias filed

25   a reply.  (Doc. Nos. 178, 183.)  The Court held a hearing on August 20, 2013.  Matthew

26   Lowrie and Kevin Littman appeared for Synbias.  James Sakaguchi and Neal Cohen

27   appeared for Solux.

28   ///

**Background**[1]

This is a patent infringement action involving patents that claim inventions relating to methods of producing anthracycline antibiotics–compounds that are used as first-line chemotherapy drugs for treating a range of cancers. (Doc. No. 46 ¶4.) Synbias is a Ukranian company that manufactures and produces various active pharmaceutical ingredients, including anthracycline antibiotics. (Doc. No. 77-7 ¶5.) The patents-in-suit list three Synbias employees as inventors: Victor Matvienko; Alexey Matvyeyev; and Alexander Zabudkin (collectively "The Synbias Inventors"). (Doc. No. 1, Exs. A-C.) The fourth listed inventor is Aleksandr Itkin ("A. Itkin"), an executive of Solux. (Id.)

On June 16, 2011, Synbias filed a lawsuit in California Superior Court in San Diego County against Solux and two of its executives, Dmitry Itkin ("D. Itkin") and his brother A. Itkin, alleging causes of action, among others, of breach of contract, fraud, and breach of fiduciary duty. (Doc. No. 209-30 ("State Second Amend. Compl." or "State SAC") ¶¶47-59.) A central issue in the state action is whether Solux owns the patents-in-suit. The patents-in-suit list Solux as the owner by assignment, (Doc. No. 1, Exs. A-C,) but Synbias alleges that Solux fraudulently induced the Synbias inventors to assign their rights to Solux. (State SAC ¶¶56-59.)

On December 29, 2011, Synbias filed a complaint in this Court seeking a declaratory judgment of non-infringement of the patents-in-suit and a declaratory judgment that the patents-in-suit are invalid and unenforceable. (Doc. No. 1 ("Compl.").) On March 26, 2012, the Court denied Solux's motion to dismiss the declaratory judgment claims for lack of jurisdiction. (Doc. No. 17.) Thereafter, Solux filed an answer and asserted infringement counterclaims. (Doc. No. 19.)

On November 7, 2012, Solux filed a motion for partial summary judgment, arguing that Synbias either is estopped under the doctrine of assignor estoppel or lacks standing to assert its declaratory judgment claims that the patents-in-suit are invalid and

---

[1]For general background on the parties and the patents-in-suit, see the Court's order denying Solux's motion for partial summary judgment. (Doc. No. 99 at pp. 2-5.)

- 2 -

**– A9 –**

1   unenforceable. (Doc. No. 40.)  On January 17, 2013, the Court denied Solux's motion

2   for partial summary judgment "without prejudice to Solux renewing its motion after the

3   development of a more complete record."  (Doc. No. 99 at p. 11.)  In opposing the

4   partial summary judgment motion, Synbias asserted that it was at least a co-owner of

5   the patents-in-suit, and Solux's failure to join Synbias in its counterclaims deprived

6   Solux of standing to assert its infringement counterclaims.  (Doc. No. 77 at p. 16); see

7   Israel Bio-Engineering Project v. Amgen, Inc., 475 F.3d 1256, 1264 (Fed. Cir. 2007)

8   ("Where one co-owner possesses an undivided part of the entire patent, that joint owner

9   must join all the other co-owners to establish standing.").  The Court declined to *sua*

10  *sponte* grant Synbias summary judgment on Solux's infringement counterclaims, but

11  the Court permitted Synbias to file a summary judgment motion.  (Doc. No. 99.)

12  Additionally, the Court ordered the parties to show cause why the case should not be

13  dismissed for lack of subject matter jurisdiction given Synbias' position that it is at least

14  a co-owner of the patents-in-suit.  (Id.)

15        Synbias filed its summary judgment motion on February 4, 2013.  (Doc. No.

16  103.)  On February 15, 2013, the Court granted the parties' joint request to extend the

17  deadline for Solux to file its opposition to June 7, 2013, to allow Solux to conduct

18  discovery.  (Doc. No. 110.)  On May 15, 2013, the Court again extended the deadline

19  for Solux to file its opposition to accommodate Solux's discovery requests.  (Doc. No.

20  118.)  On July 19, 2013, Solux filed a timely opposition.[2]

21                              **Discussion**

22  **I.     Subject Matter Jurisdiction**

23        "Federal courts are of courts of limited jurisdiction.  They possess only that

24  power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of

25  America, 511 U.S. 375, 377 (1994).  "Subject-matter jurisdiction can never be waived

26  or forfeited."  Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) (noting that an objection

27  _____

28        [2]The Court grants Synbias' motion to file its proposed memorandum decision under
     seal.  (Doc. No. 219)

- 3 -

**– A10 –**

1   to a court's subject matter jurisdiction "may be resurrected at any point in the litigation,
2   and a valid objection may lead a court midway through briefing to dismiss a complaint
3   in its entirety"). A dispute is presumed to lie "outside this limited jurisdiction, and the
4   burden of establishing the contrary rests upon the party asserting jurisdiction."
5   Kokkonen, 511 U.S. at 377 (internal citations omitted); Lanza v. Ashcroft, 389 F.3d
6   917, 930 (9th Cir. 2004) ("There is a general presumption against federal court review,
7   and the burden of establishing the contrary rests on the party asserting jurisdiction.").
8   Additionally, federal courts "have an independent obligation to determine whether
9   subject-matter jurisdiction exists, even in the absence of a challenge from any party."
10  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "[W]hen a federal court concludes
11  that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its
12  entirety." Id.

13      "[I]f subject-matter jurisdiction turns on contested facts, the trial judge may be
14  authorized to review the evidence and resolve the dispute on her own." Arbaugh, 546
15  U.S. at 514; Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); see also
16  Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993). "If,
17  however, a decision of the jurisdictional issue requires a ruling on the underlying
18  substantive merits of the case, the decision should await a determination of the merits
19  either by the district court on a summary judgment motion or by the fact finder at the
20  trial." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004);
21  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

22      To assert its infringement counterclaims, Solux must plead and prove sole patent
23  ownership. Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013)
24  (noting that to plead a patent infringement claim, a patentee must "(1) allege ownership
25  of the patent, (2) name each defendant, (3) cite the patent that is allegedly infringed, (4)
26  state the means by which the defendant allegedly infringes, and (5) point to the sections
27  of the patent law invoked."); Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.,
28  203 F.3d 790, 794 (2000). If Solux is not the sole owner, the Court must dismiss the

- 4 -

**– A11 –**

1   counterparts for lack of standing.  <u>Israel Bio-Engineering</u>, 475 F.3d at 1264.  With

2   these principles in mind, the Court turns to the summary judgment motion.

3   **II.    Summary Judgment**

4        "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions,

5   answers to interrogatories, and admissions on file, together with the affidavits, if any,

6   show that there is no genuine issue as to any material fact and that the moving party is

7   entitled to a judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322

8   (1986) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986)).  As to

9   materiality, "[o]nly disputes over facts that might affect the outcome of the suit under

10  the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>,

11  477 U.S. at 248.  At the summary judgment stage, the judge's function is not to weigh

12  the evidence and determine the truth of the matter but to determine whether there is a

13  genuine issue for trial.  <u>Id.</u> at 249.  In making a determination on summary judgment,

14  the evidence of the nonmovant is to be believed, and all reasonable inferences are to be

15  drawn in his favor.  <u>McGinley v. Franklin Sports, Inc.</u>, 262 F.3d 1339, 1348 (Fed. Cir.

16  2001); <u>Rockwell Int'l Corp. v. United States</u>, 147 F.3d 1358, 1362 (Fed. Cir. 1998).

17  The court resolves pure questions of law on a summary judgment motion, however.

18  <u>See, e.g.</u>, <u>Medina v. Cram</u>, 252 F.3d 1124, 1127 (10th Cir. 2001); <u>Faust v. U.S.</u>, 101

19  F.3d 675, 678-79 (Fed. Cir. 1996).

20       A party seeking summary judgment bears the initial burden of establishing the

21  absence of a genuine issue of material fact.  <u>Celotex</u>, 477 U.S. at 323.  The moving

22  party can satisfy this burden in two ways: (1) by presenting evidence that negates an

23  essential element of the nonmoving party's case; or (2) by demonstrating that the

24  nonmoving party failed to establish an essential element of the nonmoving party's case

25  on which the nonmoving party bears the burden of proving at trial.  <u>Id.</u> at 322-23.

26  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary

27  judgment." <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630

28  (9th Cir. 1987).  Once the moving party establishes the absence of genuine issues of

1  material fact, the burden shifts to the nonmoving party to set forth facts showing that

2  a genuine issue of disputed fact remains. <u>Celotex</u>, 477 U.S. at 322. "The 'opponent

3  must do more than simply show that there is some metaphysical doubt as to the material

4  fact.'" <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262, 265-66 (9th Cir. 1991) (citing

5  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)).

6  **A.    Patent Ownership**

7       Patent ownership "is a question of who owns legal title to the subject matter

8  claimed in a patent." <u>Beech Aircraft Corp. v. EDO Corp.</u>, 990 F.2d 1237, 1248 (Fed.

9  Cir. 1993). "State statutory and common law have long been recognized as governing

10 the ownership of patent property." <u>DDB Techs., L.L.C. v. MLB Advanced Media, L.P.</u>,

11 517 F.3d 1284, 1296 (Fed. Cir. 2008); <u>see also</u> <u>Jim Arnold Corp. v. Hydrotech Sys.</u>,

12 <u>Inc.</u>, 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("[T]he question of who owns the patent

13 right and on what terms typically is a question exclusively for state courts."). Similarly,

14 the law of a foreign jurisdiction may determine ownership of the subject matter claimed

15 in a U.S. patent. <u>See</u> <u>Akazawa v. Link New Tech. Int'l, Inc.</u>, 520 F.3d 1354, 1357 (Fed.

16 Cir. 2008) (applying Japanese law to determine intestate ownership of a patent because

17 the inventor was a Japanese resident at the time of his death); <u>Int'l Nutrition Co. v.</u>

18 <u>Horphag Research Ltd.</u>, 257 F.3d 1324, 1329 (Fed. Cir. 2001) (concluding that the

19 district court did not abuse its discretion in granting comity to a French court's

20 determination that an assignment of a U.S. patent was invalid under French law). While

21 state or foreign law generally governs the issue of patent ownership, "'the question of

22 whether a patent assignment clause creates an automatic assignment or merely an

23 obligation to assign is intimately bound up with the question of standing in patent

24 cases,' and therefore [courts] have treated it as a matter of federal law.'" <u>Sky Techs.</u>

25 <u>LLC v. SAP AG</u>, 576 F.3d 1374, 1379 (Fed. Cir. 2009) ( (quoting <u>DDB Techs.</u>, 517

26 F.3d at 1290)).

27 ///

28 ///

- 6 -

1    **1.     Assignment from the Inventors**

2         Solux is listed as the owner by assignment of the patents-in-suit.  (Doc. No. 1,

3    Exs. A-C.)  As a matter of U.S. patent law, it is permissible for inventors to assign their

4    patent rights in inventions to third parties.  See, e.g., Board of Trustees of Leland

5    Stanford Junior University v. Roche Molecular Sys., Inc., 583 F.3d 832, 842 (2009).

6    Yet, an assignment may be invalid under the law of the particular jurisdiction governing

7    patent ownership.  See Horphag Research, 257 F.3d at 1327, 1329-31 (enforcing a

8    French court judgment invalidating an assignment of patent rights because unilateral

9    assignment of jointly held patent rights was contrary to French law); Jim Arnold Corp.

10   v. Hydrotech Systems, Inc., 108 F.3d 1567, 1577 (Fed. Cir. 1997) (noting that an

11   assignment of patent rights may be null and void "under a provision of applicable state

12   law").

13   **i.     Initial Ownership**

14        Synbias argues that its employees, the Synbias inventors, were not collectively

15   the sole owners of the inventions claimed in the patents-in-suit at the time they

16   purportedly assigned their rights to Synbias.  The Court agrees.  The parties do not

17   dispute that the patented subject matter was created by the Synbias inventors, while they

18   were employees of Synbias, and while working in Synbias' facilities in the Ukraine.

19   Solux's expert agrees with Synbais that Ukraine law governs initial ownership of the

20   inventions.  (Doc. No. 148 ("Paliashvili Decl.") ¶6 ("[T]he intellectual property rights

21   to the inventions described and claimed in the [patents-in-suit] . . . are governed by

22   Ukraine law.").)  As such, the Court applies Ukraine law to determine initial ownership

23   of the patents-in-suit.[3]  Akazawa v. Link New Tech. Int'l, Inc., 520 F.3d at 1357.

24        Inventions that arise of out an employment relationship between an inventor

25

26   _____

27        [3] Rule 44.1 of the Federal Rules of Civil Procedure provides that in determining
     foreign law a "court may consider any relevant material or source, including testimony,
28   whether or not submitted by a party or admissible under the Federal Rules of Evidence.
     The court's determination must be treated as a ruling on a question of law."

1  employee and his employer are "service inventions" under Ukranian law.[4]  (Doc. No.
2  62 ("Butler Decl.") ¶¶5-6.)  Article 429 of the Ukranian Civil Code governs initial
3  ownership of the intellectual property rights of a service invention.  (Id. ¶17.) Under
4  Article 429, initial ownership of a service invention is determined by the employment
5  contract, and in the absence of such a contract, the employer and the inventor jointly
6  hold the intellectual property rights.  (Id. ¶18.)  Synbias submitted copies of
7  employment agreements between Synbias and the inventors which provide that Synbias
8  is the initial owner of the inventions, and the inventors state in their declarations and in
9  their depositions that they signed the agreements in 2001, prior to the purported
10  assignments to Solux.  (Doc. No. 70 ("Zabudkin Decl.") ¶¶8-9, Exs. 1-3; Doc. No. 170-
11  2, Ex. G.)  Solux argues that these agreements are without effect because they were
12  recently created by Synbias for purposes of this litigation.  Solux provides minimal
13  support for this assertion.  In any event, the parties' factual dispute is not material under
14  Ukranian law, since even if Synbias failed to execute proper employment agreements
15  with the inventors, Synbias was initially at least a co-owner of the patented subject
16  matter under Article 429.  (Butler Decl. ¶18.)

17      **ii.    Assignment under Article 9**

18      The parties dispute whether ownership later passed from Synbias to the inventors
19  under Article 9 of the Ukranian Patent Law.  Article 9(2) requires employee inventors
20  to provide written notification to their employer "disclosing the essence of the invention
21  (or utility model) sufficiently clearly and fully." (Butler Decl. ¶11.) Once the employee
22  inventor provides written notice, the employer must decide to file for a patent, transfer
23  patent rights to another, or preserve the invention as confidential.  (Id. ("Article 9(3)").)
24  If the employer fails to choose any of these three options within four months of
25  receiving written notice, patent rights in the invention automatically pass to the
26  employee owners.  (Id.)

27  ———————
28      [4]Solux's expert agrees that "the contributions of the Synbias Inventors to the
Inventions were 'service inventions.'"  (Paliashvili Decl. ¶8.)

- 8 -

**– A15 –**

1    Synbias argues that ownership of the patents-in-suit did not pass to the inventors
2    because it never received written notification.  (Doc. No. 70 ("Zabudkin Decl.") ¶14.)
3    Zabudkin and Matvienko both state in their declarations that they did not provide
4    Synbias with written notice as required under Article 9.[5]  (Doc. No. 68 ("Matvienko
5    Decl.") ¶14; Zabudkin Decl. ¶14.)

6    Solux does not argue that the inventors provided written notice to other
7    executives or directors of Synbias.  Rather, Solux argues that Alexandr Zabudkin, as
8    Sybnias's executive director, was high enough within Synbias such that his knowledge
9    constituted proper notice on behalf of Synbias.  The Court disagrees.  The Supreme
10   Court of Ukraine recently held that an inventor cannot properly notify himself given the
11   obvious conflict of interest.  (Butler Decl. ¶24, Ex. 29 ("Rivneazot Decision").)  Solux's
12   expert notes that the Rivneazot decision dealt with proper notice under an employment
13   contract, not proper notice under Article 9.  (Paliashvili Decl. ¶46.)  Yet, Synbias
14   submitted employment agreements in which the Synbias inventors agreed to provide
15   written notice to Synbias of their inventions so that Synbias could take appropriate
16   action.  (See Zabudkin Decl. Ex. 3 (Appendix No. 2 to Company Order No. 10, signed
17   by Zabudkin) ("If the research is successful, the Employee [Zabudkin] shall give the
18   Employer [Synbias] notification in writing about the Invention created and attach a
19   comprehensive description of the invention that is sufficient for the purposes of
20   registration.")   Under the agreements, notice to an inventor would plainly be
21   insufficient.  (Butler Decl. ¶24.)

22   Additionally, the Court is not persuaded that the conflict-of-interest analysis
23   employed by the Ukranian Supreme Court only applies in the context of notice under
24   an employment agreement.  Article 9 provides that ownership of patent rights in a
25   service invention automatically passes from an employer to the inventor if the employer
26   fails to take certain actions.  (Butler Decl. ¶11.)  If notice to an inventor were sufficient,

27   _____

28   [5]The third inventor, Matvyeyev, passed away in 2012.  (Doc. No. 170 at p. 21.)

- 9 -

**– A16 –**

1   the inventor could simply wait out the clock until he possessed full ownership based on

2   his own inaction.  The conflict-of-interest is immediately apparent from the face of

3   Article 9.  Thus, written notice to the inventors fails either under the employment

4   agreements or under Article 9.  The record does not reveal any writing purporting to

5   assign Synbias' ownership rights to the inventors, and under either U.S. or Ukranian

6   law, assignments of patent interests must be in writing.  Sky Techs., 576 F.3d at1379;

7   (Butler Decl. ¶59.)  Accordingly, Synbias remained at least a co-owner of the patents-

8   in-suit.

9           **2.      Ownership under the EXP Contract**

10          Solux argues that, even if Synbias partially owned patent rights in the claimed

11  inventions, Synbias assigned its rights to Solux pursuant to a development contract. (D.

12  Itkin Decl., Ex. 1 ("the EXP Contract").)  The Court disagrees.  The EXP contract only

13  assigned "know-how," not patent rights.[6]  (Id.)  Under the EXP contract, Solux agreed

14  to pay Synbias $150,000 to develop new manufacturing methods for doxorubicin

15  hydrochloride, epirubicin hydrochloride, and idarubicin hydrochloride–chemical

16  compounds described in the patents-in-suit.[7]  (Id.)  Article 7.2 grants Solux "property

17  right[s] to Manufacturing Method of chemical substances developed under the present

18  contract."  (Id.)  Yet, Article 7.1 defines the "Manufacturing Method of chemical

19  substances [as] intellectual product - 'know-how.'"  (Id.)  Additionally, Article 7.3

20  provides Solux with "the right to make any actions following [sic] from rights of

21  possession, using and the order [sic] Manufacturing Method of chemical substances

22

23          [6] Because Article 11.3 provides that the arbitration of disputes is governed by the
        law of the Ukraine, the Court applies Ukranian law in interpreting the EXP Contract.
24      See Hilgraeve Corp. v. Symantec Corp., 265 F.3d 1336, 1340, 1344-45 (Fed. Cir. 2001)
        (applying Ontario law in interpreting an agreement transferring "know-how" and
25      technical expertise).   Under Ukranian law, the contract language governs the
        relationship of the parties, and extrinsic evidence is inadmissible to contradict
26      unambiguous contract terms.  (3d Littman Decl., Ex. 44 ("Paliashvili Deposition").)

27          [7] The parties submitted different versions of the EXP contract, each claiming that
        their version is the effective agreement.  This dispute is not material as the text of
28      Article 7 (limiting the property transferred to "know-how") and Article 9 (requiring
        confidentiality) is identical in either party's version.

1   ('know-how')." (Id.)  Like in U.S. law, "know-how" is a property interest distinct from

2   patent rights under Ukranian law.  (Paliashvili Decl. ¶18 ("Article 1 of the Law of

3   Ukraine No. 1560-XII 'On Investment Activity' . . . states know-how is 'technical,

4   technological, and other knowledge, but not patented.'")  Further, the EXP contract

5   would be internally inconsistent if it transferred patent rights as Article 9 prohibits both

6   Solux and Synbias from disclosing the manufacturing methods developed under the

7   contract to third parties.  (D. Itkin Decl., Ex. 1.)  Subject to certain exceptions not

8   applicable here, U.S. patent applications are generally published by the PTO.  See 35

9   U.S.C. § 122.  Accordingly, the EXP contract did not effect a transfer of patent rights

10  from Synbias to Solux.

11         **3.    Judicial Estoppel**

12         In the state litigation, Solux filed a notice of removal.  Synbias filed a motion to

13  remand arguing that it lacked standing to assert its sole federal claim of correction of

14  inventorship under 35 U.S.C. § 256 because it lacked legal ownership of the patents-in-

15  suit.  (Case No. 11-cv-1625, Doc. No. 6.)  Solux now argues that Synbias is estopped

16  in this case from asserting that it is at least a co-owner based on arguments in the prior

17  case before another judge of this Court.

18         "Judicial estoppel is an equitable doctrine that prevents a litigant from

19  'perverting' the judicial process by, after urging and prevailing on a particular position

20  in one litigation, urging a contrary position in a subsequent proceeding–or at a later

21  phase of the same proceeding–against one who relied on the earlier position." Sandisk

22  Corp. v. Memorex Prods., 415 F.3d 1278, 1290 (Fed. Cir. 2005); see Hamilton v. State

23  Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).  The Supreme Court has

24  identified three factors to guide the court's decision to apply judicial estoppel: (1) the

25  party's later position must be clearly inconsistent with the earlier position; (2) the party

26  must have succeeded in persuading a court to adopt the earlier position in the earlier

27  proceeding, such that it would create the perception that either the first or second court

28  was misled; and (3) the courts consider whether the party seeking to assert an

- 11 -

**– A18 –**

1  inconsistent position would derive an unfair advantage or impose an unfair detriment
2  on the opposing party if not estopped.  New Hampshire v. Maine, 532 U.S. 742, 750-51
3  (2001).  In addition, the Ninth Circuit "has restricted the application of judicial estoppel
4  to cases where the court relied on, or 'accepted,' the party's previous inconsistent
5  position."  Hamilton, 270 F.3d at 783.  But, the Supreme Court has noted that these
6  factors "do not establish inflexible prerequisites or an exhaustive formula for
7  determining the applicability of judicial estoppel.  Additional considerations may
8  inform the doctrine's application in specific factual contexts."  New Hampshire, 532
9  U.S. at 751.  "It is within the trial court's discretion to invoke judicial estoppel and
10 preclude an argument."  Sandisk, 415 F.3d at 1290; see also New Hampshire, 532 U.S.
11 at 750 ("[J]udicial estoppel 'is an equitable doctrine invoked by a court at its
12 discretion.'").

13        Here, Synbias is not estopped from asserting an ownership interest.  In its motion
14 to remand, Synbias claimed that it was a beneficial owner.  (Doc. No. 6-1 at p. 7
15 (Synbias "claims beneficial ownership of [the patents-in-suit].") Additionally, Synbias'
16 position–that Solux is not a sole owner–is not inconsistent with its prior position of
17 beneficial ownership.  Further, the Court granted Solux over five months to conduct
18 discovery to oppose Synbias' motion, and the Court requested briefing on the
19 jurisdictional issue.  Moreover, estoppel is an equitable doctrine.  As such, the Court
20 concludes that application of estoppel in this context is inappropriate since it would
21 confer patent jurisdiction in federal court where it does not exist.  Israel Bio-
22 Engineering, 475 F.3d at 1264; see also Kokkonen, 511 U.S. at 377 ("Federal courts are
23 of courts of limited jurisdiction.  They possess only that power authorized by
24 Constitution and statute.")  As such, the Court exercises its discretion and determines
25 that application of judicial estoppel is not warranted.

26        In sum, Synbias was at least a co-owner of the inventions under Ukranian law
27 and its ownership interests did not pass to the inventors prior to the purported
28 assignments.  Additionally, Solux did not obtain an assignment from Synbias under the

1  EXP contract.  As such, the Court dismisses Solux's counterclaims for lack of standing.

2  Israel Bio-Engineering, 475 F.3d at 1264.

3  **III.    Declaratory Judgment Claims**

4          Dismissal of Solux's counterclaims leaves Synbias' declaratory claims as the only

5  remaining claims in this litigation.  Federal courts have subject matter jurisdiction over

6  claims for declaratory relief as long as "the dispute [is] definite and concrete, touching

7  the legal relations of parties have adverse legal interests."  MedImmune, Inc. v.

8  Genentech, Inc., 549 U.S. 118, 127 (2007) (quotations omitted).  "An 'adverse legal

9  interest' requires a dispute as to a legal right–for example, an underlying legal cause of

10  action that the declaratory defendant could have brought or threatened to bring."  Arris

11  Grp., 639 F.3d at 1374; see also  Microchip Tech. Inc. v. Chamberlain Grp., Inc., 441

12  F.3d 936, 943 (Fed. Cir. 2006) ("Without an underlying legal cause of action, any

13  adverse economic interest that the declaratory plaintiff may have against the declaratory

14  defendant is not a legally cognizable interest sufficient to confer declaratory judgment

15  jurisdiction.").  Here, the legal cause of action underlying Synbias' declaratory claims

16  was Solux's claim for patent infringement.  (Doc. No. 19.)  As Solux lacks standing to

17  assert infringement, there is no underlying legal cause of action that Solux could have

18  brought or threatened to bring.  Arris Grp., 639 F.3d at 1374.  As such, this Court lacks

19  subject matter jurisdiction over Synbias' declaratory claims because the parties no

20  longer have adverse legal interests.   Accordingly, the Court dismisses Synbias'

21  complaint in its entirety.  Arbaugh v. Y&H Corp., 546 U.S. at 514.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

- 13 -

1

### Conclusion

2        For the foregoing reasons, the Court dismisses Solux's counterclaims for lack of

3   standing, <u>Israel Bio-Engineering</u>, 475 F.3d at 1264, and dismisses Synbias' complaint

4   for lack of subject matter jurisdiction.  <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. at 514.  As

5   such, the parties may proceed with their state court action to resolve their business

6   disputes, involving allegations of breach of contract, breach of fiduciary duty, and

7   fraud.  (State SAC ¶¶47-59; D. Itkin Decl. ¶7 (contending that Solux and Synbias

8   entered into a joint venture); 11-cv-1625, Doc. No. 6-1 at p. 2 (claiming that Solux was

9   Synbias' agent).)

10       **IT IS SO ORDERED**.

11  Dated: August 30, 2013

12                                    _____
                                      MARILYN L. HUFF, District Judge
13                                    UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

**– A21 –**

# United States Court of Appeals
## for the Federal Circuit

*Synbias Pharma v. Solux Corporation,* 2014-1287

### CERTIFICATE OF SERVICE

I, John C. Kruesi, Jr., being duly sworn according to law and being over the age of 18, upon my oath depose and say that:

Counsel Press was retained by FOLEY & LARDNER LLP, Attorneys for Appellant to print this document. I am an employee of Counsel Press.

On **June 4, 2014,** counsel has authorized me to electronically file the foregoing **Brief for Plaintiff-Appellant** with the Clerk of Court using the CM/ECF System, which will serve via e-mail notice of such filing to all counsel registered as CM/ECF users, including any of the following:

Richard E. McCarthy
Mark Angert
Leah S. Strickland
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA 92101
619-231-0303
rmccarthy@swsslaw.com
mangert@swsslaw.com
lstrickland@swsslaw.com

Paper copies will also be mailed to the above counsel at the time paper copies are sent to the Court.

Upon acceptance by the Court of the e-filed document, six paper copies will be filed with the Court, via Federal Express, within the time provided in the Court's rules.

June 4, 2014                                        /s/ John C. Kruesi, Jr.
                                                     Counsel Press

## <u>CERTIFICATE OF COMPLIANCE</u>

Appellant Synbias's brief is submitted in accordance with Rule 32(a)7(B)(i) of the Federal Rules of Appellate Procedure. The brief contains 3,862 words, as determined by Microsoft Word.

This brief has been prepared in proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.


Dated: June 4, 2014                   Respectfully submitted,


<u>/s/ Kevin M. Littman</u>
Matthew B. Lowrie
Kevin M. Littman
Sven Riethmueller
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Phone: (617) 342-4000
Fax: (617) 342-4001

*Attorneys for Plaintiff-Cross-Appellant Synbias Pharma*