CASE NO. 2014-1287

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

_____

## SYNBIAS PHARMA,
*Plaintiff-Appellant,*

*v.*

## SOLUX CORPORATION,
*Defendant-Appellee.*

Appeal from the United States District Court for the Southern District of California in No. 3:11-cv-03035-H-BGS, Judge Marilyn L. Huff

## BRIEF FOR DEFENDANT-APPELLEE SOLUX CORPORATION

SOLOMON WARD SEIDENWURM & SMITH, LLP
Richard E. McCarthy
Mark Angert
Leah S. Strickland
401 B Street, Suite 1200
San Diego, California 92101
Telephone:  619.231.0303
Facsimile:  619.231.4755

Attorneys for Defendant-Cross-Appellee
SOLUX CORPORATION

August 15, 2014

**Form 9**

FORM 9.   Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Synbias Pharma _____ v. Solux Corporation _____

No. 14-1287

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Appellee Solux Corporation   certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

Solux Corporation

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Not applicable

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Not applicable

4.  ☑   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Richard E. McCarthy, Leah S. Strickland, Mark Angert of Solomon, Ward, Seidenwurm & Smith, LLP; and James Sakaguchi, and Neal M. Cohen of Vista IP Law Group LLP.

| August 15, 2014 | /s/Mark Angert |
|---|---|
| Date | Signature of counsel |
| | Mark Angert |
| | Printed name of counsel |

Please Note: All questions must be answered

cc: _____

124

# **TABLE OF CONTENTS**

*Page*

CERTIFICATE OF INTEREST ................................................................i

STATEMENT OF RELATED CASES ...................................................1

STATEMENT OF THE ISSUES...........................................................2

STATEMENT OF THE CASE...............................................................3

STATEMENT OF FACTS .....................................................................4

SUMMARY OF ARGUMENT ..............................................................8

STANDARD OF REVIEW ...................................................................9

ARGUMENT .......................................................................................10

I.     The Court's Decision That There Was No Prevailing Party Was
       Correct. ...................................................................................10

II.    If There Is a Prevailing Party, That Party Is Solux. .....................16

III.   Even if Synbias Prevailed, the District Court Was Within Its
       Discretion to Deny Costs to Synbias ...........................................18

CONCLUSION ....................................................................................19

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

*Page(s)*

## FEDERAL CASES

*Abraxis Bioscience, Inc. v. Navinta LLC*
625 F.3d 1359 (Fed. Cir. 2010) ..........................................................11

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*
393 F.3d 1378 (Fed. Cir. 2005) ..........................................................15

*Grupo Dataflux v. Atlas Global Grp., L.P.*
541 U.S. 567 (2004)..............................................................................11

*Jim Arnold Corp. v. Hydrotech Systems, Inc.*
109 F.3d 1567 (Fed. Cir. 1997) ..........................................................12

*Manildra Milling Corp. v. Henkel Corp.*
76 F.3d 1178 (Fed. Cir. 1996) ....................................................14, 15

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*
134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014)........................................15

*Shum v. Intel Corp.*
629 F.3d 1360 (Fed. Cir. 2010) ..................................................passim

*Tavory v. NTP, Inc.*
297 F. App'x 986, 989 (Fed. Cir. 2008) ......................................13, 14

## STATUTES AND RULES

35 U.S.C § 285 ......................................................................................15

Local Rules of Practice for the United States District Court for the Southern
District of California
Rule 54.1(f) .....................................................................................17
Rule 54(d)(1)............................................................................10, 18

Federal Rules of Appellate Procedure
Rule 10(b)(2).....................................................................................9
Rule 25(d) .......................................................................................21
Rule 32(a)7(B) ...............................................................................22

Federal Rules of Civil Procedure

Rule 41(a).................................................................................................18
Rule 54 ..........................................................................................10, 15, 16

## <u>STATEMENT OF RELATED CASES</u>

Under Fed. Cir. Rule 47.5, Solux Corporation ("Solux") certifies no other appeal in or from this action has previously been before this or any other appellate court, apart from *Synbias Pharma v. Solux Corporation*, Appeal No. 2013-1672, that was previously pending in this Court and dismissed pursuant to Solux's request on April 24, 2014, prior to briefing. Solux knows of no cases pending before this or any other court that will directly affect or be directly affected by this Court's decision in this appeal.

The parties are engaged in another case, *Synbias Pharma v. Solux Corporation, Dmitry Itkin, Aleksandr Itkin, and Does 1 through 20*, Case No. 37-2011-00092961-CU-BC-CTL (Super. Ct. of Cal., County of San Diego, Central Division), but nothing in that case will directly affect or be directly affected by this Court's decision in this appeal.

## <u>STATEMENT OF THE ISSUES</u>

Was there no prevailing party under Rule 54(d) of the Federal Rules of Civil Procedure given (1) plaintiff Synbias' claims were dismissed for lack of subject matter jurisdiction and defendant Solux's compulsory counterclaims were dismissed for lack of standing after the district court concluded Synbias was "at least co-owner" of the patents-at-issue; (2) the district court concluded, based on the record, no party achieved any of its asserted litigation objectives and the essence of the dispute between the two parties remains pending in state court; and (3) Solux's equitable claims for sole patent ownership remain at issue in a pending state court action between these two parties?

Was defendant Solux the prevailing party in light of plaintiff Synbias' failure to achieve any material benefit from filing this case in district court?

Was it within the trial court's discretion to deny costs to any party in light of the failure of any party to achieve its alleged litigation objectives?

## STATEMENT OF THE CASE

On December 29, 2011, Synbias sued Solux in the District Court of the Southern District of California, seeking declaratory judgment it was not infringing Solux's patents because its production methods differ from the patented methods, and declaratory judgment that Solux's patents were invalid and unenforceable. (Appendix ("Appx.") at pp. A2, A51.)  Solux immediately moved to dismiss Synbias' claims for lack of subject matter jurisdiction, which the district court initially denied. (*Id.* at pp. A2, A9.)   Solux then answered and asserted compulsory counterclaims for patent infringement.  (*Id.* at pp. A2, A118-A337.)

On August 30, 2013, the district court dismissed Solux's counterclaims for lack of standing and dismissed Synbias' complaint for lack of subject matter jurisdiction.  (*Id.* at pp. A1, A8-21.)  Both parties requested costs (*id.* at pp. A233-A234, A235-A236), and on November 13, 2013, the Clerk of the Court awarded $7,766.35 in costs to Solux as prevailing party.  (*Id.* at pp. A1, A250-A253.)  Both parties filed a motion to retax costs, and their respective oppositions.  (*Id.* at pp. A1, A254, A265, A268, A277, A286, A289.)  On January 7, 2014, the district court vacated the Clerk's award of costs to Solux and denied both parties' motions to retax costs.  (*Id.* at pp. A1-A6.)

Synbias filed its notice of appeal of the order denying costs on February 6, 2014.  (*Id.* at A314-A315.)

# STATEMENT OF FACTS[1]

Two companies, Solux and Synbias, entered into a joint venture to develop a potential patent portfolio with manufacturing capabilities, with the ultimate goal to combine the two companies and either sell the joint venture or take it public. Solux asserted that as part of the joint venture, Solux was to own the patents, and Synbias would own the manufacturing plant. (Appx. at p. A181.) The patents-in-suit claim inventions relating to methods of producing anthracycline antibiotics–compounds used as first-line chemotherapy drugs for treating a range of cancers. (*Id.* at A2.) The patents-at-issue list three Synbias employees as inventors: Victor Matvienko; Alexey Matveyeyv; and Alexander Zabudkin. The fourth listed inventor is Aleksandr Itkin ("A. Itkin"), an executive of Solux. (*Id.* at pp. A2, A9.) The patents-in-suit list Solux as the owner by assignment. (*Id.*)

After Synbias tried to cut Solux out of deals involving the patented technologies (*id.* at p. A181), litigation ensued. Synbias first sued Solux and two of its executives in San Diego County Superior Court, alleging causes of action for breach of contract, fraud, and breach of fiduciary duty. (*Id.* at A9.) Solux asserted a cross-complaint against Synbias alleging many of the same causes of action. (*See* Request for Judicial Notice, Exhibit 1.) A central issue in the state action is

---

[1] Page 4 of Synbias' Statement of the Case contains references outside the record and not subject to judicial notice, as does pages 6-7 of its Statement of Facts. Solux objects to these references.

whether Solux owns the patents-in-suit. (Appx. at p. A2.) Despite a decade of cooperation between the companies, Synbias alleges that Solux fraudulently induced the Synbias inventors to assign their rights to Solux without Synbias' knowledge and consent (*id.*), whereas Solux now alleges Synbias breached its fiduciary and other duties to Solux by promising to assign Solux patent rights in the underlying technology but failing effectively to do so. (Request for Judicial Notice, Exhibit 1.)

In federal court, Synbias sought declaratory judgment of non-infringement of the patents-in-suit and declaratory judgment that the patents-in-suit are invalid and unenforceable. (Appx. at pp. A2, A9, A51-A69.) The sought declaration of non-infringement was not based on a theory that Synbias was "at least a co-owner" of the patents, but instead claimed Synbias' manufacturing method utilizes a different technique than what is covered by the patents-in-suit. (*Id*. at pp. A56-A58.) After the Court denied Solux's motion to dismiss the declaratory judgment claims for lack of jurisdiction on March 26, 2012, Solux filed an answer and asserted compulsory counterclaims of patent infringement. (*Id*. at pp. A2, A9, A118-A137.) On November 7, 2012, Solux moved for partial summary judgment, arguing Synbias either is estopped under the doctrine of assignor estoppel or lacks standing to assert its declaratory judgment claims that the patents-in-suit are invalid and unenforceable. (*Id.* at pp. A2, A9.)

On January 17, 2013, the Court denied Solux's motion "without prejudice to Solux renewing its motion after the development of a more complete record." (*Id.* at pp. A3, A10.)  The Court also ordered the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction given Synbias' position it is at least a co-owner of the patents-in-suit.  (*Id.*)  Synbias filed its summary judgment motion on February 4, 2013. (*Id.*)  On August 30, 2013, the Court dismissed Defendant Solux's counterclaims for lack of standing and dismissed Synbias' complaint for lack of subject matter jurisdiction. (*Id.* at pp. A3, A21.)

Judge Huff decided there was no present assignment of Synbias' ownership rights to the inventors, and Synbias therefore remained "at least a co-owner" of the patents-in-suit.  (*Id*. at pp. A19-A20.)  In dismissing the case, the district court noted that "the parties may proceed with their state court action to resolve their business disputes, involving allegations of breach of contract, breach of fiduciary duty, and fraud.…"  (*Id.* at p. A21.)

Both parties asked for costs (*id*. at pp. A233-236), and on November 13, 2013, the Clerk of the Court awarded $7,766.35 in costs to Defendant Solux as the prevailing party.  (*Id*. at pp. A1, A250-A253.)  Both parties filed motions to re-tax costs.  (*Id*. at p. A1, A254-A275.)

The district court vacated the award of costs to Solux and denied both parties' motions to retax costs. (Appx. at pp. A1-A6.) The district court held that under this Court's precedent in *Shum*, to be "prevailing party" requires that "the party have received at least some relief on the merits." (*Id*. at p. A4.) "Such relief must be material and modify the parties' behavior in a way that directly benefits the prevailing party." (*Id*. at p. A4.)

Comparing the results with the parties' "overall objective," the district court concluded there was no prevailing party. "Synbias' overall objective was to achieve a declaratory judgment of non-infringement of the patents-in-suit and a declaratory judgment that the patents-in-suit are invalid and unenforceable." (*Id.*) Despite Synbias' arguments to the contrary, the district court was "not persuaded that [Synbias'] 'overall objective' in filing its declaratory judgment action was to have its declaratory judgment claims dismissed for lack of jurisdiction." (*Id.* at pp. A4-A5 n.2.) "Solux's overall objective was to win on its asserted counterclaims for patent infringement." (*Id.* at pp. A4-A5.) But the Court awarded neither party what it sought, Judge Huff concluded.

Of particular import, Judge Huff found "[t]he record reveals that the essence of the dispute between these parties – whether Solux owns the patents-in-suit, and whether Synbias' claims for breach of contract, fraud, and breach of fiduciary duty are valid – remain pending in state court." (*Id.* at p. A5.) Solux's state court

equitable claim for declaratory relief requesting an injunction ordering Synbias to assign any rights it may retain in the patents-in-suit to Solux under the parties' intent and their joint venture agreement remains at issue.  (*See* Request for Judicial Notice, Exhibit 1.)

## SUMMARY OF ARGUMENT

The court was correct in determining there was no prevailing party.  Synbias achieved none of its litigation objectives, and has achieved none of the outcomes it sought.  Patent ownership remains pending in state court, as well as potential damages stemming from Synbias' failure to properly transfer ownership of the patents to Solux under the parties' intent and agreement.  If the state court determines Solux is entitled to exclusive ownership of the patents-in-suit, Synbias will be liable for infringement.  Synbias has not freed itself from the future threat of patent infringement litigation, nor has it freed itself from the threat of damages for its past acts.  There was no material alteration in the legal relationship between the parties that modified any party's behavior to benefit the opposing party.   There was no prevailing party.

If there <u>was</u> a prevailing party, Solux is it because Synbias as plaintiff had its lawsuit dismissed without any material benefit from the litigation.  Finally, if this Court thought Synbias may have prevailed, the district court still was well within

its discretion to deny costs to Synbias in light of Synbias' failure to achieve any of its litigation objectives.

## STANDARD OF REVIEW

"Federal Circuit law defines 'prevailing party' for the purposes of patent litigation. Determination of the prevailing party is a question of law reviewed de novo." *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010) (internal citation omitted).  However, "[w]hether an award of costs is reasonable is determined under the law of the regional circuit." *Id.* at p. 1370.  "The Ninth Circuit reviews the reasonableness of a costs award for abuse of discretion and is 'hesitant' to find an abuse of the trial court's broad discretion over costs." *Id.*  While there is a presumption in favor of awarding costs to the prevailing party, the "losing" party may establish a reason to deny costs and "the district court must give specific reasons for refusing to award costs." *Id.*

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."  Fed. R. App. Proc., Rule 10(b)(2).

# ARGUMENT

## I.    The Court's Decision That There Was No Prevailing Party Was Correct.

Rule 54(d)(1) states "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54.[2]  "To be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party."  *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).  Here, there was no prevailing party, because no party's behavior has been modified in a way that "directly benefits" the opposing party.

Synbias' argument regarding ownership came as a result of the *Catch 22* that Solux pointed out to the district court.  Solux had argued in its motion for summary judgment that either Synbias was estopped to argue the patents were invalid through the doctrine of assignor estoppel, or there was no jurisdiction for Synbias to seek relief in federal court because it would be a part owner of the patents-in-suit.  (Appx. at pp. A2-A3.)  Synbias of necessity opted to argue the second of these two unpalatable options.

---

[2]    Synbias cites an outdated version of Rule 54 at page 9 of its brief.  However, the changed wording does not appear to affect the outcome.

Now Synbias claims victory after getting kicked out of federal court because the court determined that at the time of filing, it was "at least co-owner" of the patents, a theory presented by Solux not Synbias.  Synbias claims it "can make and sell its anthracycline antibiotics, and its customers can sell the anthracyclines, free from Solux's threats of patent infringement" and the "threat of legal action." (Appellant's Brief at pp. 9-13.)  Synbias also insinuates the only "ownership" claim remaining at issue in state court is whether Solux has any ownership claim. (Brief at p. 10 n.1.)  But Synbias cites to no support for these propositions, and both claims are false.

The only finding on the record is to the contrary—"[t]he record reveals that the essence of the dispute between these parties – whether Solux owns the patents-in-suit, and whether Synbias' claims for breach of contract, fraud, and breach of fiduciary duty are valid – remain pending in state court."  (Appx. at p. A5.) Litigation has not remotely ended—*including* litigation of ownership of the patents-in-suit—because the only issue Judge Huff determined was the *legal* status of Synbias' patent ownership *at the time of filing*.

Jurisdiction and standing are determined at the time of filing.  *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 575 (2004); *Abraxis Bioscience,*

*Inc. v. Navinta LLC*, 625 F.3d 1359, 1363-64 (Fed. Cir. 2010).[3]  As it pertains to patent litigation, a court may entertain only legal arguments regarding patent ownership in determining subject matter jurisdiction and standing; equitable arguments, including injunctive relief, cannot be considered because they affect ownership post-filing.  *See Jim Arnold Corp. v. Hydrotech Systems, Inc.*, 109 F.3d 1567, 1576-77 (Fed. Cir. 1997).  To seek equitable relief—a state-law based claim—"absent diversity jurisdiction it is to a state court that plaintiffs must look" to determine ownership.  *Id.* at 1577.

Solux alleged an equitable claim for ownership of the patents-at-issue in the state court action, and requested an injunction ordering Synbias to transfer ownership of the patents-in-suit to Solux.  (Request for Judicial Notice, Exhibit 1 at pp. 13-17, 24 (Solux Corporation's Third Amended Cross-Complaint Against Synbias Pharma).)  That claim is still pending.  (Request for Judicial Notice, Exhibit 2 (Docket).)

Synbias may be ordered to complete its obligation to assign the patents to Solux—plus damages for not already having done so.  Synbias remains exposed to

---

[3]    Synbias irrelevantly distinguishes the dismissal of its claims for lack of subject-matter jurisdiction, and the dismissal of Solux's claims for lack of standing. (Appellant's brief at pp. 14-15.)  But this is a distinction without a difference, because both standing and jurisdiction are determined at the time of filing.  The fact remains that Synbias has not settled any question regarding ultimate ownership, or freed itself from any threat of damages.  Those issues remain to be litigated in state court.

millions of dollars in damages for past behavior.  Regarding future patent infringement actions, Synbias obtained none of the relief it sought in federal court. It obtained no declaration that its methods do not infringe the patents-in-suit.  It obtained no declaration that the patents are invalid or unenforceable.  No party can be said to have obtained relief on the merits that modifies "one party's behavior in a way that 'directly benefits' the opposing party."

Just as in *Shum*, even if there was a material decision by the district court, that decision modified no party's behavior in a way that directly benefitted any other party.  *Shum*, 629 F.3d at 1369.  (*See* Appellants' Brief at p. 17.)  This outcome precludes finding either party prevailed.

The Federal Circuit has acknowledged that sometimes there may be no prevailing party.  *Tavory v. NTP, Inc.* noted "[m]any dismissals for want of jurisdiction do not affect the legal relationship of the parties because they are not decisions on the merits of the claim."  297 F. App'x 986, 989 (Fed. Cir. 2008). While in that case the Court determined the jurisdictional dismissal affected the merits and materially altered the legal relationship of the parties, the Court acknowledged there would be situations where it *would* be appropriate to find no prevailing party.  *See id.*

Synbias argues *Tavory* supports its position because the Court found that dismissal affected the merits.  (Appellant's Brief at pp. 15-16.)  But the *Tavory*

dismissal is distinguishable. *Tavory* determined there was a material alteration of the parties' legal relationship because the court invalidated plaintiff's copyright registration. Plaintiff "cannot ever succeed in a copyright infringement claim against NTP based on the work represented in that invalid copy." *Tavory*, 297 F. App'x at 990. That is not the case here, where the district court did not pass on the validity of the patents-in-suit, despite Synbias' request. *Tavory* concluded that the plaintiff—here, Synbias—was not the prevailing party due to the dismissal, because the plaintiff could no longer assert its claims—just as Synbias is precluded here.

And unlike the plaintiff in *Tavory*, Solux will not have to obtain a new, valid patent to bring a patent infringement claim. Instead, the ownership issue will be litigated in state court—and potentially damages for the delay in Synbias' apparent failure to properly assign the patents to Solux under the parties' agreement. After those issues are litigated, the parties may well end up right back in the district court, litigating the same claims the district court just dismissed—infringement vs. non-infringement of the patents-in-suit, and patent validity and enforceability. No party prevailed.

*Manildra Milling Corp. v. Henkel Corp.,* 76 F.3d 1178, 1182 (Fed. Cir. 1996), is also inapposite. (*See* Appellant's Brief at p. 11.) The plaintiff there achieved what it had sued to do—obtained a declaration the patents-at-issue were

invalid. *Id.* at 1182-83. Synbias obtained no such declaration, and the ultimate ownership of the patents-in-suit and damages remain open issues in state court. Unlike the plaintiff in *Manildra Milling*, Synbias has not freed itself of a "potential threat" litigation.

Synbias also cites to *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.,* 393 F.3d 1378 (Fed. Cir. 2005), but to no avail. First, *Brooks Furniture* did not address the prevailing party for costs under Rule 54. Instead, it looked at the award of attorney fees under 35 U.S.C § 285. The court's "prevailing party" discussion involved determining the "'prevailing parties' for attorney's fees purposes." *Id.* at 1381. *Brooks Furniture* was also abrogated by *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 188 L. Ed. 2d 816 (2014). The plaintiff in *Brooks Furniture* achieved a declaratory judgment that its technology did not practice the patented invention—forever settling that question. *Brooks Furniture,* 393 F.3d at 1380. Synbias had no such success. Judge Huff was correct in concluding no party met its litigation objectives, or modified the other party's behavior.

Synbias cites to *Shum v. Intel Corp.,* 629 F.3d 1360 (Fed. Cir. 2010), to suggest the court <u>must</u> choose a prevailing party. (Appellant's Brief at p. 19.) *Shum* said "[a] court must choose one, and only one, 'prevailing party' to receive any costs award." *Shum,* 629 F.3d at 1367. But the Court was addressing whether

there could be *more* than one prevailing party in a mixed-result case, not none. *Id.* at 1366-67. Whether a court could decide no one prevailed was not before *Shum*, and any statement purporting to address another situation would be dictum.

*Shum's* reasoning does not apply to a "no prevailing party" outcome. Rule 54 states "the prevailing party" "should" be awarded costs. *Shum* held that using the definite article "the" precluded determining that more than one party could prevail. *Id.* at 1367. But Rule 54's statement that "costs… should be allowed to the prevailing party," does not preclude a finding of no prevailing party. That there is a test that must be satisfied to be a "prevailing party" logically means there will be cases where *no* party meets that test—because no party received "at least some relief on the merits" that "materially alter[s] the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Id.*

Nothing between the parties before this Court has been resolved, and Synbias remains exposed to the same risks it faced when this litigation began. Judge Huff was correct in concluding there is no prevailing party.

## II.    If There Is a Prevailing Party, That Party Is Solux.

Solux believes the district court was correct in determining there was no prevailing party under Federal Circuit law. However, to the extent this Court

determines the district court was obliged to choose a prevailing party, that party was Solux.

Synbias is the plaintiff; Solux merely asserted compulsory counterclaims. It was Synbias' initial burden to show it prevailed. Instead, its claims were dismissed for lack of subject matter jurisdiction. Judge Huff rejected Synbias' argument it obtained its goal, noting that a party's "overall objective" in filing a declaratory relief action is not to have the declaratory judgment claims kicked out for lack of jurisdiction. (Appx. at pp. A4-A5, n.2.) Synbias did not receive "an injunction, declaration of patent invalidity, or judgment of infringement." *Shum v. Intel Corp*., 629 F.3d 1360, 1370 (Fed. Cir. 2010). The question of ultimate ownership remains pending in state court. (Request for Judicial Notice, Exhibits 1 and 2.) No "threats of legal action" were extinguished.

Synbias obtained no "relief on the merits" that "materially altered the legal relation" between the two parties or changed any party's behavior. Its lawsuit was thrown out and sent to state court to litigate ultimate ownership of the patents-in-suit. Synbias faces millions of dollars in damages for many breaches of fiduciary duties —including now the claim for its apparent failure properly to assign the patent rights to Solux under the parties' joint venture.

While not dispositive, Civil Local Rule 54.1(f) states the defendant is the prevailing party "upon any termination of the case without judgment for the

plaintiff except a voluntary dismissal under F.R.Civ.P. 41(a)." Here, that outcome is justified where the plaintiff did nothing more than attempt to divide litigation already pending in state court without resolving anything.

### III.   Even if Synbias Prevailed, the District Court Was Within Its Discretion to Deny Costs to Synbias

Solux believes either it prevailed, or there was no prevailing party. But if this Court came to the conclusion Synbias really was the prevailing party, Judge Huff already explained her reasoning in denying Synbias' (and Solux's) costs.

"An award of costs [] involves two separate inquires. First, who is the 'prevailing party' within the meaning of Rule 54(d)(1). Second, how much (if any) costs should be awarded to the prevailing party." *Shum*, 629 F.3d at 1366 (internal citations omitted). "Depending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award only low costs or no costs at all." *Id.* at 1367 n.8.

Here, Synbias achieved nothing more than being sent back to state court, where that court will determine who ultimately owns the patents-in suit. It continues to face damages for all its breaches of fiduciary duty, including now its apparent failure properly to assign the patents-in-suit to Solux. It achieved nothing, unless its goal was to increase litigation costs and delay resolution by fractionalizing litigation. In that alone, it succeeded.

Judge Huff determined no party achieved its overall objective—Synbias did not achieve a declaratory judgment of non-infringement of the patents-in-suit, or a declaratory judgment the patents-in-suit are invalid or unenforceable.  Solux did not achieve its *compulsory* counterclaim objectives. (Appx. at pp. A4-A5.)  She noted "the essence of the dispute between these parties – whether Solux owns the patents-in-suit, and whether Synbias' claims for breach of contract, fraud, and breach of fiduciary duty are valid – remain pending in state court."  (*Id.* at p. A5.) She was well within her discretion to determine under these circumstances, considering the extent and nature of the "prevailing party's" victory, no party is entitled to costs.

## CONCLUSION

To paraphrase *Macbeth*, Synbias strutted and fretted its hour upon the district court's stage, and then was heard no more.  It was only a tale told by Synbias, full of sound and fury, signifying nothing.  The district court's ruling that neither Synbias  nor Solux prevailed should be confirmed, or if modified, done so in Solux's favor.

DATED:  August 15, 2014          Respectfully submitted,

SOLOMON WARD SEIDENWURM &
SMITH, LLP


By: */s/Mark Angert*
      RICHARD E. McCARTHY
      MARK ANGERT
      LEAH S. STRICKLAND
      Attorneys for Defendant-Cross-Appellee
      SOLUX CORPORATION

**Form 30**

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on   08/15/2014
by:

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
    (by email or CM/ECF)

| Mark Angert | /s/Mark Angert |
|---|---|
| Name of Counsel | Signature of Counsel |

Law Firm   Solomon Ward Seidenwurm & Smith, LLP

Address   401 B Street, Suite 1200

City, State, ZIP   San Diego, CA 92101

Telephone Number   (619) 231-0303

FAX Number   (619) 231-4755

E-mail Address   mangert@swsslaw.com

NOTE: For attorneys filing documents electronically, the name of the filer under whose log-in and password a document is submitted must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. Graphic and other electronic signatures are discouraged.



American LegalNet, Inc.
www.FormsWorkFlow.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Appellee Solux's brief is submitted under Rule 32(a)7(B) of the Federal

Rules of Appellate Procedure. The brief contains 4,030 words, as determined by

Microsoft Word.

DATED:  August 15, 2014  SOLOMON WARD SEIDENWURM &
            SMITH, LLP


By: */s/Mark Angert*
   RICHARD E. McCARTHY
   MARK ANGERT
   LEAH S. STRICKLAND
   Attorneys for Defendant-Cross-Appellee
   SOLUX CORPORATION

Form 30

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on | 08/22/2014 |
by:

☐ US mail
☐ Fax
☐ Hand
☒ Electronic Means
    (by email or CM/ECF)

| Mark Angert |                           | /s/Mark Angert |
Name of Counsel                             Signature of Counsel

Law Firm | Solomon Ward Seidenwurm & Smith, LLP |

Address | 401 B Street, Suite 1200 |

City, State, ZIP | San Diego, CA 92101 |

Telephone Number | (619) 231-0303 |

FAX Number | (619) 231-4755 |

E-mail Address | mangert@swsslaw.com |

NOTE: For attorneys filing documents electronically, the name of the filer
under whose log-in and password a document is submitted must be preceded
by an "/s/" and typed in the space where the signature would otherwise appear.
Graphic and other electronic signatures are discouraged.


American LegalNet, Inc.
www.FormsWorkFlow.com